# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: October 07, 2022

Ms. Valerie W. Epstein
Epstein Law
1024 E. Martin Luther King Boulevard
Chattanooga, TN 37403

Mr. Jason D. Keck
Fisher & Phillips
10 S. Wacker Drive
Suite 3450
Chicago, IL 60606

Re:  Case No. 22-5154, *Rhonda Dahlquist, et al v. Amedisys, Inc.*
       Originating Case No. 1:21-cv-00302

Dear Counsel,

The Court issued the enclosed Order today in this case.  Judgment to follow.

Sincerely yours,

s/Robin L Baker
Case Manager
Direct Dial No. 513-564-7014

cc:  Mr. Scott C. Fanning
       Ms. LeAnna Wilson

Enclosure

Mandate to issue

<u>NOT RECOMMENDED FOR PUBLICATION</u>

No. 22-5154

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Oct 7, 2022
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| RHONDA LAUREN DAHLQUIST; SHEILA KNIGHT, | ) | |
| | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| AMEDISYS, INC., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

O R D E R

Before:  BATCHELDER, GIBBONS, and THAPAR, Circuit Judges.

Rhonda Lauren Dahlquist and Sheila Knight, both Tennessee residents, appeal the district court's judgment dismissing their amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).

Amedisys, Inc. is a home healthcare company that is incorporated in Delaware with its principal place of business in Louisiana.  Amedisys hired Dahlquist and Knight in 2019, and both women worked at-will at the company's care center in Cleveland, Tennessee.  On December 11, 2020, during the COVID-19 pandemic, the plaintiffs hosted an after-hours Christmas party at Knight's house, which they alleged was an expression of their Christian faith.  Several of the plaintiffs' coworkers attended the Christmas party.  On December 31, 2020, Amedisys terminated the plaintiffs' employment, finding that they had violated company directives and exhibited "poor judgment" by hosting a party that subjected all attendees—including Amedisys employees—to risk of exposure to COVID-19.  Amedisys also informed Dahlquist that her employment was being

No. 22-5154
- 2 -

terminated because she had violated the company's visitor policy by allowing another employee to bring her child to work with her on December 16, 2020.  Dahlquist alleged that her supervisor had already approved the child's presence at work.  Amedysis did not terminate any other employee who attended the party.

In October 2021, the plaintiffs sued Amedisys in state court, alleging religious discrimination arising from their termination.  Amedisys removed the lawsuit to federal court based on diversity jurisdiction.  *See* 28 U.S.C. §§ 1332(a), 1441(b).  The plaintiffs subsequently filed an amended complaint, asserting claims for (1) discrimination based on the exercise of their First Amendment rights, in violation of the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101, et seq., and Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e, et seq.; (2) violations of the Tennessee Constitution's Due Process Clause; (3) retaliatory discharge, in violation of the Tennessee Public Protection Act ("TPPA"), Tenn. Code Ann. § 50-1-304; (4) common-law retaliatory discharge; and (5) common-law tortious invasion of privacy.  They sought damages, legal costs, and attorneys' fees.

Amedisys filed a motion to dismiss the plaintiffs' amended complaint for failure to state a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).  The plaintiffs opposed Amedisys's motion to dismiss, and Amedisys filed a reply.  The district court granted Amedisys's Rule 12(b)(6) motion in its entirety and dismissed the plaintiffs' amended complaint.

On appeal, the plaintiffs argue that the district court erred by granting Amedisys's Rule 12(b)(6) motion with respect to their THRA and common-law claims.  By limiting their brief to those issues, the plaintiffs have forfeited appellate review of the remainder of the district court's dismissal order.  *See Geboy v. Brigano*, 489 F.3d 752, 766-67 (6th Cir. 2007).

We review de novo a district court's order granting a Rule 12(b)(6) motion to dismiss for failure to state a claim.  *Solo v. United Parcel Serv. Co.*, 819 F.3d 788, 793 (6th Cir. 2016).  "We construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Nolan v. Detroit Edison Co.*, 991

F.3d 697, 707 (6th Cir. 2021) (quoting *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017)).  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

Nevertheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To avoid dismissal for failure to state a claim, a plaintiff must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plaintiffs alleged that Amedisys discriminated against them on the basis of their religion.  The THRA makes it unlawful for an employer to "discharge any person or otherwise to discriminate against an individual with respect to compensation, terms, conditions or privileges of employment because of such individual's . . . religion." Tenn. Code. Ann. § 4-21-401(a)(1).  The Tennessee legislature enacted the THRA to "[p]rovide for execution within Tennessee of the policies embodied in the federal Civil Rights Acts of 1964, 1968 and 1972." Tenn. Code. Ann. § 4-21-101(a)(1).  The legislature's intent was for "the THRA 'to be coextensive with federal law.'" *Parker v. Warren Cnty. Util. Dist.*, 2 S.W.3d 170, 172 (Tenn. 1999) (quoting *Carr v. United Parcel Serv.*, 955 S.W.2d 832, 834-35 (Tenn. 1997)).  "Accordingly, an analysis of claims under the THRA is the same as under Title VII of the Federal Civil Rights Act." *Lynch v. City of Jellico*, 205 S.W.3d 384, 399 (Tenn. 2006).

As the district court recognized, Title VII plaintiffs need not make a prima facie showing of discrimination to survive a motion to dismiss.  In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), the Supreme Court held that "it is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the *McDonnell Douglas* [burden-shifting] framework does not apply in every employment discrimination case." *Id.* at 511 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).  The Court reasoned that a plaintiff may, in some cases, uncover direct evidence of discrimination, obviating the need to establish a prima facie case. *Id.*  The Court

No. 22-5154
- 4 -

further explained, "it may be difficult to define the precise formulation of the required prima facie case in a particular case" before "discovery has unearthed relevant facts and evidence." *Id*. at 512.

*Swierkiewicz*'s holding remains good law after the Supreme Court's decisions in *Iqbal* and *Twombly*, *see Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012), and a complaint "satisfies the pleading requirements of [Rule] 8(a)(2)" so long as it "provides an adequate factual basis for a Title VII discrimination claim," *Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012). "[D]etailed factual allegations" are not necessary; a plaintiff need only "allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that an employer engaged in unlawful discrimination. *Keys*, 684 F.3d at 610 (quoting *Iqbal*, 556 U.S. at 678–79).

The plaintiffs alleged that they are "Christian and express their religious faith by celebrating Christmas and expressing that belief with Christmas parties." According to the plaintiffs, Amedisys terminated their employment for "hosting [a] religious party" on the evening of December 11, 2020. As the district court aptly observed, however, the plaintiffs also alleged that they "were the *only* two attendees at the holiday party who were terminated," even though several of their coworkers were also in attendance. This factual allegation undermines the plaintiffs' assertion that religion was a motivating factor in Amedisys's decision to terminate their employment. Because the plaintiffs' amended complaint does not support a plausible inference that Amedisys discriminated against them with respect to the terms, conditions, or privileges of their employment because of their religion, *see Keys*, 684 F.3d at 610, the district court properly dismissed their THRA claim.

The plaintiffs also asserted a common-law retaliatory-discharge claim. To establish a prima facie case of retaliatory discharge under Tennessee law, a plaintiff must demonstrate:

(1) that an employment-at-will relationship existed; (2) that the employee was discharged, (3) that the reason for the discharge was that the employee attempted to exercise a statutory or constitutional right, or for any other reason which violates a clear public policy evidenced by an unambiguous constitutional, statutory, or regulatory provision; and

No. 22-5154
- 5 -

(4) that a substantial factor in the employer's decision to discharge the employee was the employee's exercise of protected rights or compliance with clear public policy.

*Crews v. Buckman Lab'ys Int'l, Inc.*, 78 S.W.3d 852, 862 (Tenn. 2002).

This claim turns on the fourth factor.  In their amended complaint, the plaintiffs cited as public policy their constitutional right to assemble, and they assert for the first time on appeal that a Tennessee statute (enacted after their termination) prohibits any adverse employment action based on an employee's refusal to obtain a COVID-19 vaccine or to show proof of COVID-19 vaccination.  *See* Tenn. Code Ann. § 14-2-102(a).  Even if the plaintiffs can show that they exercised a statutory or constitutional right or that their termination violated a clear public policy, their retaliatory discharge claim still fails, as they failed to plead facts that support a reasonable inference that their alleged protected activity was a substantial factor in Amedisys's decision to terminate their employment.  Although the plaintiffs alleged that "[a] substantial factor in the Defendant's decision to terminate [them] was their attempt to exercise their statutory and/or constitutional rights," "conclusory allegations or legal conclusions masquerading as factual allegations" are insufficient to state a claim upon which relief may be granted.  *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010) (quoting *Tam Travel, Inc. v. Delta Airlines, Inc.*, 583 F.3d 896, 903 (6th Cir. 2009)).  The district court properly dismissed the retaliatory-discharge claim.

Finally, the plaintiffs asserted a common-law claim for invasion of privacy.  "Tennessee has adopted the common law invasion of privacy tort described in the Restatement (Second) of Torts § 652B (1977)."  *Nairon v. Holland*, No. M2006-00321-COA-R3-CV, 2007 WL 626953, at *8 (Tenn. Ct. App. Mar. 1, 2007) (citing *Givens v. Mullikin*, 75 S.W.3d 383, 411-12 (Tenn. 2002), and *Roberts v. Essex Microtel Assocs., II, L.P.*, 46 S.W.3d 205, 209-11 (Tenn. Ct. App. 2000)).  Section 652B pertinently provides that "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person."

No. 22-5154
- 6 -

The district court properly dismissed the plaintiffs' invasion-of-privacy claim because the plaintiffs offered no facts showing that Amedisys "intruded into a private place, or . . . otherwise invaded a private seclusion that [they] ha[d] thrown about [their] person[s] or affairs." *Givens*, 75 S.W.3d at 412 (quoting Restatement 2d of Torts, § 652B cmt. c)). Rather, they alleged only that Amedisys violated their right to privacy, which is insufficient to state a claim. *See Terry*, 604 F.3d at 276.

For these reasons, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk